UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:   Terry Weese                         ) Chapter 13 Case No. 09-13100
         Renee Weese                         ) Hon. Pat E. Morgenstern-Clarren
               Debtor(s)                     )

**CHAPTER THIRTEEN TRUSTEE'S OBJECTION TO CONFIRMATION**

Now comes CRAIG SHOPNECK, the duly appointed, qualified, and standing Chapter 13 Trustee ("the Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1. The Debtor(s) filed for bankruptcy relief on <u>April 13, 2009</u>.

2. The 341(a) Meeting of Creditors held on <u>June 3, 2009</u> was concluded and the confirmation hearing is scheduled for <u>June 23, 2009</u> at <u>1:30 PM</u>.

3. The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ <u>ELIGIBILITY</u>: The Debtor(s) is/are not eligible to be a debtor(s) under Chapter 13 of title 11 because the Debtor(s) either lack(s) regular income or the Debtor(s) scheduled debt exceeds the allowed limit [11 U.S.C. § 109(e)].

☐ <u>RECENT TAX RETURN</u>: The Debtor(s) has/have failed to supply the Trustee with a copy of the federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case [11 U.S.C. § 521(e)(2) and §1325(a)(1)].

☐ <u>DSO</u>: The Debtor(s) has/have domestic support obligation(s) and has/have failed to certify, affirm, or testify that all amounts that have become payable under said obligation since the date of the filing of the petition have been paid [11 U.S.C. § 1325 (a)(8)].

☐ <u>PROSECUTION</u>: Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor(s) [11 U.S.C. § 521 (a)(3)]:
   ☐ Recent pay advices for Debtor. Specifically, _____.
   ☐ Recent pay advices for non-filing spouse.
   ☐ Evidence of income from _____.
   ☐ Payment advices and/or other documentation of all income shown on form 22C.
   ☐ Recent federal income tax return for non-filing spouse.
   ☐ Affidavit from _____ for his/her contribution of _____ /month.
   ☐ Depository and/or investment account statements for the month the bankruptcy petition was filed and the _____ months preceding the month the petition was filed.
   ☐ Completed business questionnaire with supporting financial information for each business owned by Debtor(s).
   ☐ Two years recent federal income tax returns for each business owned by Debtor(s).
   ☐ Other: _____.
   ☐ Other: _____.
   ☐ Other: _____.

☐ Other: _____ .
☐ Other: _____ .

☐ NOTICING: The Debtor(s) has/have failed to file a certificate of service evidencing that creditors have been properly served with the:
☐ Chapter 13 Plan.
☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

☐ PLAN: The plan does not comply with Administrative Order 06-04. Specifically, _____ .

☐ FEASIBILITY: The plan is not feasible in that it exceeds 60 months [11 U.S.C. § 1322(d)]. For feasibility, the Plan would require a monthly payment of _____ .

☐ FIXED PAYMENTS: The plan either does not provide for equal monthly payments to secured creditors, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [11 U.S.C. § 1325 (a)(5)].

☐ OMITTED CLAIM(S): The plan fails to provide for claims that should or must be specifically referenced in the plan [11 U.S.C. § 1322(a)(2), § 1322(b)(5), and/or § 1325(a)(5)]. Specifically, _____ .

☐ UNFAIR DISCRIMINATION: The plan unfairly discriminates against or in favor of a class of general unsecured claims [11 U.S.C. § 1322(b)(1)]. Specifically, _____ .

☐ LIQUIDATION: The Trustee believes that the plan does not provide general unsecured creditors with an amount equal to or greater than they would have received in a Chapter 7 liquidation proceeding [11 U.S.C. § 1325 (a)(4)], Specifically, _____ .
The Trustee will not recommend confirmation of the plan of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment is increased to _____ .

☒ DISPOSABLE INCOME/COMMITMENT PERIOD: The Trustee either does not believe or cannot determine if the Debtor(s) is/are devoting all of his/her/their projected disposable income in the applicable commitment period to the unsecured creditors [11 U.S.C. § 1325(b)(1)(B)]. Specifically, the Trustee believes the Debtors have understated their disposable income on Form 22C as the Debtors have deducted $1,463.58 on line 47(b) for the repayment of an obligation owed to "Citimortgage". The Debtors' plan provides for the complete avoidance of this mortgage lien held by this creditor, and so any deduction on line 47 for this debt would be inappropriate. In addition, based on a review of Debtors' pay stubs and 2008 Federal income tax return the Trustee believes Debtors' average monthly tax expense is actually $721.00, not $1,212.62 as reported on line 30. As Section 1325 of the Bankruptcy Code requires that disposable income be paid to unsecured creditors in an "above median income" case, only a 20% repayment to unsecured creditors will satisfy Section 1325 of the Bankruptcy Code.
The Trustee will not recommend confirmation of the plan of the plan unless the amount paid to unsecured creditors is increased to $46,260.00 or 20% of unsecured claims, whichever is greater, and the plan payment is increased to $4,460.00.

☐ GOOD FAITH: The Trustee believes that the Debtor(s) has/have not offered the plan in good faith [11 U.S.C. § 1325(a)(3)]. Specifically, _____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment is increased to _____.

☒ WAGE ORDER: There is no wage order in place, as required by Administrative Order 05-4. Specifically, the Debtors are employed by Swagelok and Progressive.

☒ OTHER: The Debtors' plan proposes to have the Trustee pay the entire Chase mortgage in the amount of $204,000 inside the plan. Given that this mortgage is dated 2005 (per Schedule D), the Trustee believes that Debtors' attempt to accelerate the mortgage in a plan paying unsecured creditors only 1% has not been offered in good faith.
☒ OTHER: Debtor's amended plan as filed is not feasible.
☒ OTHER: Debtors' plan fails to provide in Article 3(A) for the mortgage arrearage (as suggested by line 48 of Form 22C).

4. This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

5. The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays that this Court deny confirmation of the proposed plan for the foregoing reasons and requests that the case be dismissed.

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268  Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of June, 2009, copies of this Trustee's Objection to Confirmation were served electronically and/or by ordinary U.S. mail to the following:

Paul J. Silver, Attorney for Debtors
(Via Electronic Mail)

Terry Weese, Debtor
Renee Weese, Debtor
10302 Hobart Road
Kirtland, OH 44094

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)

CS/ljb
6/4/09