IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 09-13100 |
| TERRY WEESE<br>DEBTOR | CHAPTER 13 |
| | JUDGE Hon. Pat E. Morgenstern-Clarren |
| RENEE WEESE<br>DEBTOR | MOTION TO AMEND CHAPTER 13 PLAN AND TO ADJOURN CONFIRMATION TO ALLOW FOR SERVICE ON CREDITORS |

## SECOND AMENDED CHAPTER 13 PLAN

Now Comes Paul J. Silver, Attorney for the Debtors Terry Weese and Renee Weese and who files this amended Chapter 13 Plan as follows:

### ARTICLE 1 LINE A

Debtors have modified Plan to provide monthly plan payments to the trustee in the amount of $798.16. Said sum is 100% of the Debtor's Monthly Disposable Income as per amended Schedule J and Form 22C.

### ARTICLE 3 LINE B

Debtors have modified the amount to be paid through the Plan to Chase Mortgage to $114,481.28. This was previously listed in error as $204,000 which gave the appearance that said mortgage was being accelerated.

By and through counsel, Debtors respectfully move that confirmation be adjourned to August 11, 2009 or to such date as the court may set in order for Creditors to be served with said amended plan.

/s/

Paul J. Silver (0038042)
Attorney-at-law

2000 Lee Road Ste. 23
Cleveland Heights, Ohio 44118
(216) 371-5220
#0038042

## CERTIFICATE OF SERVICE

The aforegoing 2nd Amended Chpater 13 Plan was served on the US Trustee Craig Shopneck electronically, and on the all creditors listed on the attached matrix by Regular U.S. Mail this 16 Day of July 2009.

/S/ PAUL J. SILVER
Paul J. Silver (0038042)
Attorney for the Debtors
2000 Lee Road Ste. 23
Cleveland Heights, Ohio 44118
(216) 371-5220
#0038042

aaaa

(s0p12v10h0s0b4099T

Bk Of Amer
4060 Ogletown/Stan
Newark, DE 19713


Capital One
P.O. Box 30281
Salt Lake City, UT 84130


Chase
Bank One Card Serv
Westerville, OH 43081


Chase Mort
3415 Vision Dr
Columbus, OH 43219


Citi
Pob 6241
Sioux Falls, SD 57117


Citimortgage
Po Box 9438
Gaithersburg, MD 20898


Discover Fin
Pob 15316
Wilmington, DE 19850


Gmac
P.O. Box 2150
Greeley, CO 80632


Hfc - Usa
Pob 1547
Chesapeake, VA 23327


Hilton Grand Vacations
HOA Accounting
6355 Metrowest Blvd. Ste. 180
Orlando, FL 32835-7606


Homedn/Gemb
Po Box 981439
El Paso, TX 79998


Infibank
P.O. Box 3412
Omaha, NE 68197

Metropolitan Savings Bank
6001 Landerhaven
Cleveland, OH 44124

Natl Cty Crd
K-A16-2j
Kalamazoo, MI 49009

Sears/Cbsd
701 East 60th St N
Sioux Falls, SD 57117

Thd/Cbsd
Po Box 6497
Sioux Falls, SD 57117

Washmtl/Prov
Po Box 9180
Pleasanton, CA 94588

Wffinancial
9244 Mentor Ave.
Mentor, OH 44060

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OHIO
Eastern Division

In re: )
**Terry Weese** )
**Renee Weese** ) Chapter 13 Case No. **09-13100**
)
) Judge
) ☐ Original Chapter 13 Plan
Debtor(s) ) ■ Modified Chapter 13 Plan, dated **July 16, 2009**

*********************************************************************************************

**NOTICE: (Check One)**
☐ This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

■ This plan DOES contain special provisions that must be and are set forth in Article 11 below.

**YOUR RIGHTS WILL BE AFFECTED.** You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

---

1. **PLAN PAYMENTS**
Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $ **2,706.18** [A] per month, payable in

☐ monthly ☐ semi-monthly ■ bi-weekly ☐ weekly installments of $ **2,706.18** each,

and, unless the court otherwise orders,

B. To secured creditors as adequate protection: $ **1,908.02** [B] per month, allocated as follows:

| Creditor | Collateral | Amount |
|---|---|---|
| Chase Mort | Single family Home. Residence 10302 Hobart rd. Kirtland, OH 44094 | 1,908.02 |

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the entire Monthly Plan Payment of $ **2,706.18** [A+B] to the Trustee.

2. **ORDER OF DISTRIBUTION**
After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. § 507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated arrearage claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| -NONE- | | | |

### B. Other Real Estate Claims

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Chase Mort | Single family Home. Residence 10302 Hobart rd. Kirtland, OH 44094 | 114,481.20 | 5.65% | 1,908.02 |

## 4. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid in Full Through the Plan:

Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

### B. Secured Claims NOT to be Paid in Full Through the Plan:

Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

## 5. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does ■ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations</u>:

The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|
| -NONE- | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| -NONE- | | |

## 6. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| -NONE- | |

## 7. GENERAL UNSECURED CLAIMS

Debtor estimates the total of the non-priority unsecured debt to be $ __337,290.64__ . Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of __36,272.00__ or __11__ %, whichever is greater.

## 8. PROPERTY TO BE SURRENDERED

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| -NONE- | |

## 9. EXECUTORY CONTRACT AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| -NONE- | | | |

## 10. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor ☐ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $500 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders. Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

09-13100-pmc    Doc 18    FILED 07/16/09    ENTERED 07/16/09 18:51:10    Page 7 of 8

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

> Gmac: Debtor will pay claim directly at 292.81 per month.
> Debtors intend to file an adversary proceeding or motion to avoid the second deed of trust of Citimortgage Account No.: This second deed of trust id wholly unsecure in that the value of the debtor's property at 10302 Hobart Road is $204,000 which is less that the balance of the first deed of trust. The Trustee shall make disbursements to the creditor pursuant to section 2(d).

/s/ Terry Weese
**Terry Weese**
DEBTOR

/s/ Renee Weese
**Renee Weese**
DEBTOR

Date: **July 16, 2009**

/s/ Paul J. Silver
**Paul J. Silver**
ATTORNEY FOR DEBTOR