200934332
(jlg)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
AT CLEVELAND

| | |
|---|---|
| IN RE: | Case No. 09-13100 |
| TERRY WEESE | Chapter 13 |
| RENEE WEESE | Judge Morgenstern-Clarren |
| Debtors | **OBJECTION TO DEBTORS' AMENDED PLAN BY CITIMORTGAGE, INC. (PROPERTY ADDRESS: 10302 HOBART ROAD, KIRTLAND, OHIO 44094)** |

Now comes Citimortgage, Inc. (hereinafter "Secured Creditor"), a secured creditor herein, and respectfully objects to the proposed Amended Chapter 13 Plan filed herein upon the grounds that the Amended Plan fails to acknowledge Secured Creditor's status as a secured creditor under 11 U.S.C. 506. This Objection is supported by the following Memorandum. For the reasons that follow, the Amended Plan should not be confirmed.

/s/ Mia L. Conner
Mia L. Conner
OH Bar Registration #0078162
(513) 241-3100 x-3445

LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
Romi T. Fox, Attorney
Bar Registration #0037174
P.O. Box 5480
Cincinnati, Ohio 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

**MEMORANDUM**

*I.   FACTUAL STATEMENT*

The facts of this case are as follows. Secured Creditor is the holder of a second mortgage lien on Debtors' real property known as 10302. The mortgage was executed and delivered by Terry and Renee Weese (hereinafter "Debtors").   Secured Creditor's mortgage has an approximate principal outstanding balance of $121,848.32. The value of the property is believed to be greater than $204,000.00, the value presented **according to Debtors' schedules.**

The proposed Amended Chapter 13 Plan fails to acknowledge Secured Creditor's debt as a secured debt and proposed that the second mortgage of Citimortgage, Inc. shall be avoided pursuant to 11 U.S.C. 506(d).   Although the second lien's security interest is less than the underlying claim, Secured Creditor nevertheless possesses a secured claim concerning the second mortgage.

**II.   LEGAL ARGUMENT**

Citimortgage, Inc. is secured by a security interest in real property that is the Debtors' principal residence and, as such, its security interest cannot be modified as a matter of law. There is a well-established prohibition against the "cramdown" of under-secured liens. See <u>Nobleman v. American Savings Bank</u>, 508 U.S. 324 (1993). In <u>Nobleman</u>, the Supreme Court concluded that mortgages protected under Section 1322(b)(2) may not be modified,

even if they are only partially secured by the value of the property.

The Supreme Court set forth the well-established rule prohibiting the "cramdown" of under-secured liens in the _Nobleman_ case. _Id._ The unanimous _Nobleman_ decision, which addressed the interplay of 506(a) and 1322(b)(2), held that a mortgage lien may not be "stripped off" or treated as unsecured if it falls within the protection of Section 1322(b)(2). 508 U.S. at 332. If the mortgage is properly perfected, it must be accorded its protection under Section 1322(b)(2) – and therefore modification by treating the lien as unsecured may not be permitted. _Id._ Just as the Chapter 13 Debtors in the case at bar, in _Nobleman_ the Chapter 13 Debtor argued that the creditor's claim should be "stripped down" because the underlying value of their principal residence was less than their mortgage. 508 U.S. at 326. However, the opinion reasoned that such a "stripdown" would "modify" the creditor's rights because the creditor would lose its payment and interest on the unsecured component, resulting in modification in the total package of rights the creditor held. 508 U.S. at 331.

_Nobleman_ focused on the language of 1322(b)(2) and denied the Debtor's attempt to "strip down" the mortgage. 508 US at 332. Section 1322(b)(2) allows a Debtor's plan to "modify the _rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the Debtor's_

*principal residence ....*" 11 U.S.C. 1322(b)(2) (Emphasis added). Thus, secured rights in real estate may be modified in Chapter 13, but not if they apply to Debtor's principal residence. Based on the Supreme Court decision, the lien is protected from modification regardless of whether the lien would be unsecured after a Sec. 506(a) valuation. Nobleman at 331.

Expounding on this point, the Supreme Court stated: "[Section 1322(b)(2)] does not state that a plan may not modify 'a claim secured only by' a home mortgage. Rather, it focuses on the modification of the 'rights of holders' of such claims. By virtue of its mortgage contract with [the debtors], the [mortgagee] is indisputably the holder of a claim secured by a lien on [the debtors] home." Id. at 328. According to the Supreme Court, the mortgagee's rights included "the right to repayment of the principal over a fixed term at specified adjustable rates of interest, the right to retain the lien until the debt is paid off, the right to accelerate the loan upon default and to proceed against [the debtors] residence by foreclosure and public sale, and the right to bring an action to recover any deficiency remaining after foreclosure." Id.

Secured Creditor is a partially Secured Creditor entitled to the protection of 1322(b)(2) as held by the Supreme Court in Nobelman. If Debtors' Amended Plan is confirmed, Secured Creditor's claim would be treated as unsecured claim and receive a small percentage of its claim. Accordingly, the Debtors'

Amended Plan, which seeks to avoid the mortgagee's lien, should be denied confirmation.

## CONCLUSION

As shown by the foregoing, the conclusion is inescapable that Debtors' amended plan attempts to wrongfully modify and destroy Secured Creditor's security interest in the Debtors' principal residence; Secured Creditor is clearly entitled to the protection of the anti-modification provision clause, which prohibits loan modification. The Debtors' attempt finds no support in either 1322(b)(2) or <u>Nobelman</u>. Therefore, the Debtors' Amended Plan which seeks to avoid the mortgagee's lien is not in a posture for confirmation and must be denied.

/s/ Mia L. Conner
Mia L. Conner
OH Bar Registration #0078162
(513) 241-3100 x-3445

LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
Romi T. Fox, Attorney
Bar Registration #0037174
P.O. Box 5480
Cincinnati, Ohio 45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Objection to Chapter 13 Amended Plan of the secured creditor, Citimortgage, Inc., was electronically transmitted on or about the 30th day of July, 2009 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list:

Paul J. Silver, Esq.
2000 Lee Rd.
#23
Cleveland Heights, OH 44118
Email: paulsilveresq@gmail.com

Craig H. Shopneck, Trustee
Chapter 13 Trustee BP Tower
200 Public Square, Suite 3860
Cleveland, Ohio 44114-2321
chap13shopneck@chap13cleve.com

Office of the U.S. Trustee
Howard Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114
(Registered address)@usdoj.gov

The undersigned certifies that a copy of the foregoing Objection to Chapter 13 Amended Plan of the secured creditor, Citimortgage, Inc., was transmitted on or about the 10th day of *Aug*, 2009 via regular U.S. mail, postage pre-paid:

Terry Weese
10302 Hobart Road
Kirtland, OH 44094

Renee Weese
10302 Hobart Road
Kirtland, OH 44094


/s/ Mia L. Conner
Mia L. Conner
OH Bar Registration #0078162
(513) 241-3100 x-3445

LERNER, SAMPSON & ROTHFUSS
Attorneys for Creditor
Romi T. Fox, Attorney
Bar Registration #0037174
P.O. Box 5480
Cincinnati, Ohio  45201-5480
(513) 354-6464 fax
nohbk@lsrlaw.com